UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:16-CR-00197-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CRAIG ANTWON JEFFERSON (01)** | **RETIRED MAG JDG JRS KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Transfer Order into Federal Custody [doc. 43] filed by defendant Craig Antwon Jefferson. Mr. Jefferson argues that, under his plea agreements in this matter and a related state criminal proceeding, it was agreed that he would serve his concurrent state and federal sentences in federal custody. However, he remains in the custody of the State of Louisiana.[1] At a status conference on January 5, 2023, the parties agreed to coordinate with the state to determine if it was willing to relinquish primary jurisdiction and allow Mr. Jefferson to be transferred into federal custody. Doc. 53.

Two years later, with the motion still pending before this court, the undersigned requested another status update. Doc. 54. Defense counsel showed that, on post-conviction proceedings in the 22nd Judicial District Court, Washington Parish, Louisiana, Judge John Keller had ordered on November 22, 2023, that Mr. Jefferson "be released to Federal Custody as soon as possible." Doc. 56, att. 1. Counsel was then advised by the United

---

[1] The government stated in response to Mr. Jefferson's pro se motion that it did not necessarily oppose the requested relief and requested the appointment of counsel for Mr. Jefferson. Doc. 48. The court granted the request, appointing the federal public defender who had represented Mr. Jefferson in the prior federal proceedings. Doc. 49. Mr. Jefferson later retained another attorney, who is still acting on his behalf in this matter. *See* docs. 50, 56.

States Marshals Service to contact the Washington Parish Sheriff's Office first, but the deputy "stated their department would look into it and that the process could possibly take a considerable amount of time." Doc. 56, p. 3. As of March 23, 2025, Mr. Jefferson remains in state custody.

The state has not relinquished primary custody of Mr. Jefferson, who was transferred to this court via a writ of habeas corpus ad prosequendum when his federal sentence was imposed. In such cases, the federal court merely "borrow[s]" the defendant from the state court and "lacks jurisdiction to interfere with a state sentence." *United States v. Cibrian*, 374 F. App'x 524, 529 n. 5 (5th Cir. 2010) (quoting Erin E. Goffette, *Sovereignty in Sentencing: Concurrent and Consecutive Sentencing of a Defendant Subject to Simultaneous State and Federal Jurisdiction*, 37 Val. U.L. Rev. 1035, 1055–56 (2003)). The proper recourse for Mr. Jefferson in seeking the enforcement of a state court order is to return to state court. There is no relief that this court can grant while the state maintains primary custody of the defendant. Accordingly, **IT IS ORDERED** that the Motion for Transfer [doc. 43] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 9th day of May, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**